IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM JOSEPH BROWN, | No. 4:24-CV-01076 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| LIEUTENANT NEITZ, | |
| Defendant. | |

MEMORANDUM OPINION

AUGUST 20, 2024

Plaintiff Adam Joseph Brown filed the instant *pro se* Section 1983[1] action, alleging that a corrections officer at the State Correctional Institution in Coal Township, Pennsylvania (SCI Coal Township), violated his Eighth Amendment rights with respect to medical care. The Court will dismiss Brown's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief but will grant him leave to amend.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the]

---

[3]  *Id.* § 1915A(b)(1).
[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

## II.  DISCUSSION

Brown filed a form Section 1983 complaint[15] and attached copies of his administrative grievance documents.[16]  He alleges that, on April 9, 2024, while incarcerated at SCI Benner Township (SCI Benner), he was sexually assaulted by another inmate.[17]  Brown avers that he filed a "Prison Rape Elimination Act"

---

[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15] Doc. 1.
[16] Docs. 1-1 through 1-7.
[17] Doc. 1 at 4; Doc. 1-1.

(PREA) allegation at SCI Benner and also provided a statement to a corrections lieutenant there.[18] Brown was transferred to SCI Coal Township the following day.[19]

During the intake process at SCI Coal Township, Brown asked to speak with the "PREA Lieutenant" and was taken to the RHU strip cage to meet with Lieutenant Neitz.[20] Brown alleges that he told Neitz about the sexual assault at SCI Benner and requested "any/all medical treatment/services available," including a rape kit.[21] Brown further claims that he was not provided with any medical attention or sent to a hospital for the collection of a rape kit, in violation of Pennsylvania Department of Corrections (DOC) policy.[22]

Brown now sues Lieutenant Neitz under Section 1983, alleging that Neitz violated his Eighth Amendment rights.[23] Although Brown includes various Eighth Amendment buzzwords in his complaint like "failure to protect," "deliberate indifference," and "cruel and unusual punishment,"[24] the gist of his complaint is Eighth Amendment deliberate indifference to serious medical needs. He requests "one million dollars" in compensatory and punitive damages as well as "any/all

---

[18] Doc. 1-1.
[19] *Id.*; Doc. 1 at 4. Brown is currently incarcerated at SCI Smithfield. *See* Doc. 9.
[20] Doc. 1 at 4; Doc. 1-1. In his grievance and appeals, Brown appears to spell Lieutenant Neitz's last name as "Knights." *See* Doc. 1-1; Doc. 1-4.
[21] Doc. 1 at 4.
[22] *Id.*; Doc. 1-1.
[23] *See* Doc. 1 at 5.
[24] *See id.*

medical treatment and counseling services available."[25]  Brown's complaint fails to state a claim upon which relief may be granted for at least two reasons.

### A. Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[26]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[27]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[28]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[29]  Deliberate indifference to serious medical needs is an exacting standard,

---

[25] *See id.*
[26] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[27] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[28] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[29] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[30]  Claims sounding in mere medical negligence will not suffice.[31]

Brown's complaint states a serious medical need.  He alleges that he was sexually assaulted by another inmate and, in the "Injury" section of his form complaint, he asserts that he suffered "bleeding, rectal tearing, severe pain, [and] psychological injuries" from this assault.[32]

His pleading, however, falls short at the second and third elements of a medical indifference claim.  Brown alleges that he informed Lieutenant Neitz that he had been sexually assaulted and requested "any/all" available treatment, in particular a rape kit.  He contends that DC-ADM 008 requires that an inmate be taken to a hospital when the sexual abuse occurred within 96 hours of the inmate's report,[33] and that "72 hours" were still remaining in this period when he reported the assault to Neitz on April 10.[34]

Brown, however, does not allege that he informed Neitz of a serious medical need and that Neitz was deliberately indifferent to that need.  Rather, Brown avers that he informed Neitz of the sexual assault at SCI Benner and that Neitz failed to comply with DOC policy because he did not send Brown to get medical treatment

---

[30] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[31] *Rouse*, 182 F.3d at 197.
[32] Doc. 1 at 5.
[33] *See id.* at 4; Doc. 1-6.
[34] *See* Doc. 1 at 4; Doc. 1-6.

or to an outside hospital for the administration of a rape kit.[35] Yet failure to follow a prison policy or regulation, by itself, generally does not rise to the level of a constitutional violation.[36] And Brown's allegations do not establish that his need for medical treatment was "so obvious" that a lay person would know that treatment was necessary. Thus, Brown has failed to plausibly allege that Neitz had knowledge of a serious medical need and acted with deliberate indifference toward that need.[37]

Brown's complaint also falters at the third element; *i.e.*, he has not plausibly alleged that Neitz's purported deliberate indifference caused his harm. Rather, from Brown's complaint, it appears that the harm he is alleging (bleeding, rectal tearing, pain, adverse psychological effects, and potential sexually transmitted disease) was caused by the sexual assault itself, not by Neitz's conduct. For both of the foregoing reasons, Brown's complaint must be dismissed pursuant to Section 1915A(b)(1).

---

[35] *See* Doc. 1 at 4 (alleging that Neitz "had an obligation to ensure that [Brown] got a rape kit and any/all other available treatment").

[36] *See Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").

[37] The Court does not insinuate that sexual assault in prison is not a serious concern. It is. Brown, however, appears to take issue with Neitz's failure to properly investigate his PREA allegations and to follow prison policy after Brown lodged his PREA complaint. These allegations imply that Neitz violated DOC procedure, not Brown's constitutional rights.

### B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[38] Brown will be granted leave to amend in the event that he can plead facts—pursuant to Federal Rule of Civil Procedure 11(b)—that would plausibly state a medical indifference claim. If Brown does not timely file an amended complaint, dismissal of his Eighth Amendment claim without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss Brown's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. Brown may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[38] *Grayson*, 293 F.3d at 114.